## BRISON & CO. *v.* F. H. DOUGHERTY.

DAMAGES. *Trespass. Judgment and partial satisfaction against one of several defendants.* A plaintiff may have separate actions against several joint trespassers, but can have only one satisfaction; however, if he elects to issue execution against one of the trespassors, and collects only a part of his judgment, he is not bound by his election in such case, but still has a right of action, for so much of the damages sustained as are unsatisfied, against another one of the joint trespassers.

Cases cited: Knott *v.* Cunningham, 2 Sneed, 210; Sedg. Meas. Damages, 681; Her. Estop., 99.

---

FROM OVERTON.

---

Appeal from the Circuit Court. S. M. FITE, Judge.

JOHN P. & G. B. MURRAY for Brison & Co.

GOODPASTURE & GARDENHIRE for Dougherty.

SNEED, J., delivered the opinion of the Court.

Brison & Co. *v.* F. H. Dougherty.

The plaintiffs brought this action of trespass in the Circuit Court of Overton County, to recover damages of the defendant for the wrongful and forcible seizure of a stock of goods, the property of the plaintiffs. It appears that during the late civil war the goods were being transferred in wagons from the city of Louisville to a village where the plaintiffs were doing business as merchants, and they were seized and appropriated by a party of soldiers of the Confederate army, under the command of one Colonel Hamilton. The defendant was sued in the Overton County Circuit Court as one of the alleged trespassers. He filed, among other pleas, the plea of accord and satisfaction, upon which issues the question now presented arises. In support of this plea he presents a transcript from one of the Courts of Kentucky, from which it appears, that the plaintiffs had previously brought an action for this wrong against one Champ. Ferguson, and recovered judgment for nineteen hundred dollars, upon which an execution had been issued and levied upon the property of said Ferguson, by which the plaintiff had realized the sum of five hundred dollars in part satisfaction of his judgment. It does not appear, however, that the plaintiff entered into any compromise, or executed any acquittance to the said Ferguson for the balance. It only appears, that divers executions in favor of different creditors, of whom the plaintiffs were one, issued and were levied upon Ferguson's property, and that of the proceeds the plaintiffs realized the aforesaid sum of five hundred dollars.

Brison & Co. *v.* F. H. Dougherty.

Upon this state of facts the Court charged as follows : " A plaintiff may have separate actions and judgments against each one of several joint trespassers, but can have but one satisfaction, and if he elects to take execution upon one of his judgments, and his execution issued upon it, and collects only a part of the judgment, he is bound by his election, and cannot have execution upon the others, except for costs. So, if he has had one judgment and execution upon it, and part satisfaction only of that judgment, he cannot afterwards maintain another action against another one of the joint trespassers."

Upon this charge, the jury rendered a verdict for defendant, and upon which there was judgment, and appeal, in error, by the plaintiffs.

The doctrine of the charge is in consonance with some of the earlier rulings upon the subject, but it is not the law in this State, so far as it precludes the party from his right of action for so much of the damages sustained as are unsatisfied, by execution or otherwise, under the former judgment. There must be actual and full satisfaction in such case in order to preclude him. The principle is, that the plaintiff may have several judgments, but only one satisfaction. If he proceeds to separate judgments against several trespassers, he may then elect to have execution on the largest judgment, or against the most solvent defendant, and this election precludes his right of action against any other trespassers, or his right of resort to any other judgment, provided he has full and actual satis-

faction out of the judgment so elected. It may turn out, however, that the judgment so elected is worthless, or that, upon execution, it only yields a partial satisfaction. In the event of such, election then, the plaintiff has estopped himself from claiming any larger amount from any co-trespasser than the amount adjudged in the judgment so elected, and if it turn out that he can have only partial satisfaction out of the judgment so elected, then, in a new trial, the maximum of his damages as against a co-trespasser must be measured by the amount of such unsatisfied balance, or less, as the jury may see proper to award him.

To this extent alone the plaintiff in such case has bound himself by his election. He can have but one satisfaction, and as to the amount thereof, he has bound himself by his election. This subject is discussed in the case of *Knott* v. *Cunningham,* 2 Sneed, 210, where it is held, that each of the wrongdoers is liable for his own act. Separate actions may be brought at the same time, or successively, against each of the several trespassers, in each of which the plaintiff may proceed to judgment. But as he can claim or enforce only one satisfaction for the same injury, he must elect against which of the several he will proceed to execution for the satisfaction of his damages. If the several assessments vary in amount, he may elect to take the larger sum, or if the defendants be not all solvent, he may elect to proceed against the solvent party, and such election, followed by actual satisfaction of that particular judgment, will preclude the plaintiff from

Brison & Co. *v.* F. H. Dougherty.

proceeding against either of the other defendants upon the judgments recovered against them, except for the costs in the respective cases, which he may enforce the collection of by execution *et vid.* Sedg. Meas. Damages, 681. Under the law of estoppel this doctrine is fully recognized also, in a case where a plaintiff recovers judgment in trespass without satisfaction, where it is settled that he is not estopped from afterwards maintaining trover against another person for the same goods, for the reason that the principle of *transit in rem judicatum* extends no further than to bar another action for the same cause against the same party. The original judgment, say the authorities, can imply nothing more than a promise by the defendant to pay the amount, and an agreement by the plaintiff that upon payment of the money by the defendant the chattel shall be his own. It is contrary to justice, and the analogies of the law, to deprive a man of his property without satisfaction, except by his consent. Herman's Law of Estoppel, §99.

The charge of the Court, so far as it contravenes these principles, must be held to be erroneous.

Reverse the judgment, and award a new trial.